**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------------------X
Armani Smith,

Plaintiff,

      -against-                                      **COMPLAINT**
                                                  **AND JURY DEMAND**

The City Of New York, New York City Police Officers Dylan Hayes, and
Officers John And Jane Doe #1 -10,  the names being fictitious and presently
unknown, in their individual and official capacities as employees of the
New York City Police Department,

Defendants.

-------------------------------------------------------------------------------------------X

      The Plaintiff, by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

<u>**NATURE OF THE ACTION / PRELIMINARY STATEMENT**</u>

1.  This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and the above-named City of New York NYPD Police Officers, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

<u>**JURISDICTION**</u>

2.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

<u>**VENUE**</u>

3.  Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

<u>**NOTICE OF CLAIM**</u>

4.  A notice of claim was duly filed within the relevant statutory period; more than 30 days have elapsed since such filing; Defendants have inadequately offered to settle plaintiff's state law claims.

## PARTIES

5.   Plaintiff at all times relevant hereto resided in the City of New York in the County of Kings in the State of New York.

6.   At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7.   THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8.   That at all times hereinafter mentioned, and on information and belief, Defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

9.   At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

11. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12. Plaintiff is 28 years old, the father of a young child, employed as an electrician, and has no criminal record.

13. At all relevant times, the named Defendant NYPD Officers committed the false arrest of plaintiff and were personally involved in and liable for plaintiff's false arrest, the actions of all Defendant Officers described in this complaint, and all other claims set forth below.

14. On or about 24 February 2025 in the vicinity of Avenue X and Shore Parkway, Kings County, New York, between approximately 12 and 3 p.m., Plaintiff was parked on the roadside when Defendant Hayes and his partner Defendant Officer Doe parked nearby. Defendants then approached Plaintiff's vehicle.

15. Plaintiff asked the Defendants to identify themselves and provide the reason for the stop and they refused to provide badge numbers or a basis for the stop.

16. Defendants then asked Plaintiff for his license and registration, to which Plaintiff complied and regarding

which everything was valid.

17. Defendants then instructed Plaintiff to exit the vehicle, without justification or cause.

18. A second police car then arrived at the scene and approximately three additional Defendant Officers, including one with the rank of sergeant, approached the scene and conducted unlawful searches of Plaintiff and also of Plaintiff's vehicle, all without justification or cause.

19. Despite the illegality of the search, no contraband was found.

20. Defendant Officers then informed Plaintiff he was being arrested because his license plate was fake, despite the fact that the license plate was legitimate.

21. Plaintiff informed the officers the license plate was legitimate, provided the information for the dealership where the car had been purchased, and requested that the officers call to verify that everything was in order. He was ignored and his request was denied.

22. Without justification or cause, Defendants then placed Plaintiff in handcuffs and took him to the 60th precinct.

23. At the precinct Defendants forced Plaintiff to undergo an arrest booking procedure and placed him in a holding cell for hours.

24. Defendants then confiscated Plaintiff's vehicle.

25. After multiple hours in the holding cell, Defendants released Plaintiff and gave him a Desk Appearance Ticket charing Plaintiff with New York Penal Law 170.20 Criminal Possession of a Forged Instrument in the Third Degree.

26. Plaintiff again requested that Defendants contact the car dealership to confirm the legitimacy of the license plate but Defendants again refused.

27. The following day, Plaintiff was forced to return to the precinct to retrieve his vehicle. However, Defendants refused to release Plaintiff's license plate and informed him they were confiscating the license plate.

28. Defendants informed Plaintiff that he needed to arrange and pay for a tow truck to remove his vehicle from the precinct or otherwise they would impound the vehicle.

29. Defendants then forced Plaintiff to arrange and pay for a tow truck to remove his vehicle from NYPD custody.

30. Plaintiff was then forced to appear in court where he was informed an investigation revealed his license plate was legitimate and no charges would be filed against him.

31. Despite the above, Defendants refused to release Plaintiff's license plate and he was forced to obtain replacements at his own expense.

32. Due to the racial profiling, unlawful search and seizure, and deprivation of freedom resulting from the false arrest, Plaintiff suffers from anxiety and emotional distress that negatively impacts his work and social

3

life. Plaintiff is fearful of future false arrests while driving; and relies heavily on public transportation which has caused him to spend more time travelling, forcing him to reduce work, social and family time.

33. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. Defendants deprived Plaintiff of civil, constitutional and statutory rights and conspired to deprive Plaintiff of such rights and are liable under federal and state law.

37. There is further indication that the actions of the arresting officers in this case were the result of racial profiling.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILITY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

40. Moreover the City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, the City has failed to properly train and supervise its employees. Upon information and belief, the individually named defendants herein have been the subject of many prior civilian complaints and prior lawsuits alleging civil rights violations. Though the City of New York has paid hundreds of thousands of dollars in settlements for civil rights actions against defendants, the City has failed to take necessary steps to ensure that these particular officers are not in a position to further violate the civil liberties of civilians. This City has been on notice that these officers are unfit for their present positions, yet continues to employ them, and empower them to violate the civil liberties of people like the Plaintiff.

41. Moreover, when the City was informed of the specific wrongdoing in this incident, it failed to take

necessary steps to investigate the incident and to discipline the officers at fault. Defendant Officers have been responsible for numerous prior civil rights violations including false arrests and excessive force. Though it was apparent that this incident represented a gross abuse of power by defendant officers, the City failed to take necessary steps to investigate this matter and see that the individual officers were disciplined.

42. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

43. For example, the well-documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

44. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under- utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

45. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was "a total disconnect" between the settlements of even substantial

civil claims and police department action against officers.

46. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through Plaintiff's complaints to the City via his criminal defense attorney while his charges were pending, the City has failed to remedy the wrong.

47. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

48. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Defendants illegally arrested Plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, and destruction of property without probable cause.

51. As a result of the foregoing, Plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

52. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

53. Defendants illegally arrested Plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

54. As a result of the foregoing, Plaintiff has been damaged and deprived of the following rights, privileges

and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

### FIFTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

55. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

56. Defendants, acting with malice, caused a false accusatory instrument to be filed against Plaintiff, initiated a prosecution against him, and did so without probable cause.

57. The criminal proceedings were terminated in Plaintiff's favor..

58. Plaintiff was damaged as a result of the malicious prosecution implemented by the defendants.

### SIXTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT)

59. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

60. Plaintiff was denied food and water at the precinct.

61. Plaintiff was subjected to an improper unreasonable search without justification or cause.

62. Defendants handcuffed Plaintiff forcibly too tightly and for a length of time in violation of his rights, without justification or cause.

63. Upon information and belief, this is an ongoing practice within the confines of the precinct.

64. Plaintiff was damaged and denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

### SEVENTH CAUSE OF ACTION
(DENIAL of a FAIR TRIAL)

65. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66. Defendants' misrepresentations about Plaintiff deprived Plaintiff of liberty.

67. Thus defendants are liable to Plaintiff under the Sixth Amendment for denying a fair trial.

68. As a result, Plaintiff was damaged and suffered the injuries as set forth within this complaint.

### EIGHTH CAUSE OF ACTION
(CONSPIRACY)

69. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

70. Defendants agreed to violate the Plaintiff's rights in the manner described above. Namely, defendants made an agreement to conspire together to racially profile Plaintiff, and to cover up their false arrest and

their violations of Plaintiff's rights.

71. Defendants took action in furtherance of this agreement by conspiring together to falsely charge Plaintiff with the crimes described above, to fabricate a version of events that would justify their false arrest and violations of Plaintiff's rights, and to initiate criminal proceedings against Plaintiff by their misrepresentations about Plaintiff.

## NINTH CAUSE OF ACTION
### (FAILURE TO INTERVENE)

72. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

73. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

75. As a direct and proximate result of this unlawful conduct, Plaintiff was damaged.

## TENTH CAUSE OF ACTION
### (FAILURE TO PROTECT)

76. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

77. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to protect Plaintiff.

78. Defendants were aware of the likelihood of harm to Plaintiff but yet failed to protect him, whether deliberately or negligently. Defendants should have exercised their authority to stop Plaintiff from being subjected to false arrest and all additional violations described throughout. Defendants were in a position of power and authority over Plaintiff and held Plaintiff's life, liberty, property and livelihood in their hands. Here, defendants are specifically liable for all of the unlawful acts Plaintiff suffered, and had a duty to protect him. Their failure to do so, whether deliberately or negligently, caused Plaintiff's injuries.

## ELEVENTH CAUSE OF ACTION
### (NEGLIGENCE)

79. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

80. Defendants owed a duty to Plaintiff who was a prisoner in the custody and care of defendants.

81. Defendants breached their duty to Plaintiff.

82. As a result, Plaintiff suffered injuries.

8

## TWELFTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

83. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

84. That as a result of the foregoing, defendants intentionally inflicted emotional distress on Plaintiff and as a result Plaintiff sustained and suffered serious emotional injuries and general and pecuniary damages.

## THIRTEENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

85. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein. Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

86. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B.  Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C.  Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  23 MAY 2026
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

9